Carlye CHRISTIANSON, Petitioner,

v.

COMMISSIONER OF INTERNAL
REVENUE, Respondent.

No. 99–70911.

Tax Ct. No. 14283–97.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 5, 2000.

Decided Jan. 11, 2001.

Before GOODWIN, HUG, and
PREGERSON, Circuit Judges.

MEMORANDUM [1]

Appellant Carlye Christianson ("Christianson") appeals the tax court's decision affirming the government's assessment of tax fraud penalties against her under 26 U.S.C. §§ 6653(b) and 6651(f). Christianson contends that the tax court erred in applying such penalties because the government failed to carry its burden of proving fraud by clear and convincing evidence. We have jurisdiction to review the final order of the tax court under 26 U.S.C. § 7482, and we reverse. Because the parties are familiar with the factual and procedural history of the case, we will not repeat it here except as necessary to explain the disposition.

We review the tax court's finding of fraud for clear error. *Lord v. Commissioner*, 525 F.2d 741, 742 (9th Cir.1975). The Commissioner bears the burden of proving fraud by clear and convincing evidence. I.R.C. § 7454(a); *Bradford v. Commissioner*, 796 F.2d 303, 307 (9th Cir. 1986). In the context of the penalty at issue, fraud is a taxpayer's intentional wrongdoing with the specific intent to avoid a tax that she knew was owing. *Akland v. Commissioner*, 767 F.2d 618, 621 (9th Cir.1985). Such intent can be inferred from strong circumstantial evidence, but cannot be sustained when we are left with only a suspicion of fraud. *See id.*

Although we agree that the tax court correctly noted the "badges of fraud"

that this court has previously identified to infer fraudulent intent, the facts do not show clear and convincing evidence of fraud on Ms. Christianson's part. *See Laurins v. Commissioner*, 889 F.2d 910, 913 (9th Cir.1989). Accordingly, the decision of the tax court allowing fraud penalties is REVERSED.[2]

---

2. We address only the issue of fraud as that is all that is before us. Although Ms. Christianson made reference to the statute of limitations as a bar to negligence penalties, as the government noted in its brief on appeal and at oral argument, there has been no assessment of negligence penalties.

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2)

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.